# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
January 14, 2014 Session

## STATE OF TENNESSEE v. IRIS A. JONES

**Appeal from the Circuit Court for Cheatham County**
**No. 16332    Larry J. Wallace, Judge**

---

**No. M2013-00938-CCA-R3-CD - Filed August 20, 2014**

---

JOSEPH M. TIPTON, P.J., concurring in part; dissenting in part.

I respectfully disagree with the majority opinion's conclusion that this court may consider the State's appeal of the trial court's granting judicial diversion as an appeal as of right pursuant to Tennessee Rule of Appellate Procedure 3(c)(4), but I believe the court can accept the appeal pursuant to Tennessee Rule of Appellate Procedure 10 as an extraordinary appeal. In this regard, I agree with the majority opinion's conclusion that the trial court erred in granting judicial diversion.

The majority opinion concludes that jurisdiction exists to consider the appeal pursuant to Rule 3(c)(4) because the State seeks review of an order or judgment "granting or refusing to revoke probation." I disagree that the order granting diversion is an order granting probation as contemplated in Rule 3(c). I note that our supreme court has referred to the status of a person who is granted diversion as a "conditional probation." *State v. King*, 432 S.W.3d 316, 323 (Tenn. 2014). The purpose of judicial diversion is to give qualified individuals the chance to have their charges dismissed and their record cleared of the prosecution. The process includes the lack of a judgment of conviction and a period of "conditional probation," after which, if successful, the charges may be dismissed and removed from their record. If the defendant is unsuccessful, the trial court may impose a judgment of conviction and sentence the defendant. In other words, the case remains pending during the period of "conditional probation," and there is nothing "final" about the case. Moreover, the State's appeal assails the trial court's granting judicial diversion, not the status of probation.

As for the cases upon which the majority opinion relies as examples of judicial diversion appeals under Rule 3, neither the parties nor the courts raised the issue of the courts' jurisdiction to entertain the appeals pursuant to Rule 3. In this regard, I also disagree with this court's statement in *State v. Daniel Bilbrey*, M2002-01043-CCA-R3-CD (Tenn.

Crim. App. Mar. 3, 2004), that "judicial diversion is . . . a probationary sentence." *Id.* at 7.

On the other hand, I believe the appeal should be allowed to proceed as an extraordinary appeal pursuant to Rule 10. Such an appeal is appropriate for a ruling reflecting a fundamental illegality, made without legal authority, or constituting "a plain and palpable abuse of discretion." *State v. McKim*, 215 S.W.3d 781, 791 (Tenn. 2007). Also, an improperly filed Rule 3 appeal may be considered as an application for review under Rule 10. *See, e.g.*, *State v. Leath*, 977 S.W.2d 132, 135 (Tenn. Crim. App. 1998). Pursing this avenue, I conclude that the trial court was without legal authority to grant judicial diversion under the facts in this case and the existing law. Therefore, I concur in the result reached in the majority opinion.

For these reasons, I dissent in part and concur in part.

_____
JOSEPH M. TIPTON, PRESIDING JUDGE